UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Vonnie Gilson, | ) | CASE NO. 1:13 CV 1504 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Eliza Bryant Village, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 6). The issue before this Court is whether the Complaint was properly removed. For the following reasons, the motion is DENIED.

**Facts**

Plaintiff Vonnie Gilson filed her Complaint against defendants Eliza Bryant Village, Carole Wright, Rhonda Roberts, and Toie Greer in the Cuyahoga County Court of Common Pleas. Defendants removed the case to this Court asserting that the Labor Management Relations Act (LMRA) preempts plaintiff's state law claims.

The Complaint alleges the following in pertinent part. Plaintiff was employed by

1

Eliza Bryant Village from 2007 until her termination in January 2013. During her employment, she worked as an LPN Change Nurse. Beginning in 2012, plaintiff began reporting illegal or unsafe activities occurring in the workplace to her supervisors and outside agencies. As a result, defendants retaliated against her and ultimately terminated her.

Plaintiff alleges three claims. Count One asserts a violation of the Ohio Whistleblower Protection Act. Count Two asserts wrongful termination in violation of Ohio public policy. Count Three asserts intentional infliction of emotional distress. Plaintiff seeks injunctive relief, reinstatement, and monetary damages.

This matter is before the Court upon plaintiff's Motion to Remand.

**Discussion**

Defendants removed this Complaint on the basis that plaintiff's claims fall within the preemptive effect of the LMRA.

The Sixth Circuit has recently restated the well-known law in this area:

Section 301 of the LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185. The Supreme Court has ruled that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). However, § 301 reaches beyond the violation of contracts. "Since 1962, the Supreme Court has held that section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir.1994). On the other hand, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107 (1994). Accordingly, the Sixth Circuit has created a two-step test for determining whether a plaintiff's state law claims are preempted by the LMRA:

First, courts must determine whether resolving the state-law claim would

>require interpretation of the terms of the [labor contract]. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the [labor contract], or instead by state law. If the rights were created by [the labor contract], the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Powers v. Cottrell, Inc.*, -- F.3d ----, 2013 WL 4405693 (6th Cir. May 6, 2013) (some internal citations omitted).

Plaintiff asserts that remand is warranted because her claims are not preempted. Plaintiff maintains that she was never a member of the Union and, therefore, the Collective Bargaining Agreement (CBA) between Eliza Bryant Village and the Union does not apply to her. Plaintiff submits her affidavit wherein she states that she was never a member of the Health Care and Social Service Union (Union) or any union while employed by Eliza Bryant Village. She was initially hired as a PRN and was not eligible for union membership or benefits. In 2011, she became a part-time LPN but was never made a union member. She never signed union paperwork, paid union dues, attended union meetings, or was represented by union members during the actions taken against her, including her termination, by Eliza Bryant Village. (pltf. aff.)

For the following reasons, the Court agrees with defendants that removal was proper because collective bargaining unit membership, and not labor union membership, is determinative.

"An exclusive representative must fairly represent all employees in the [bargaining] unit, regardless of whether they choose to become union members." *United States Department of Defense v. Federal Labor Relations Authority,* 114 S.Ct. 1006 (1994). The Sixth Circuit has recognized, "As the exclusive labor representative of employees in a

3

bargaining unit, a union has a statutorily-imposed duty to fairly represent all of the employees, union members or not, in the collective bargaining process and in the administration of the resulting labor contract." *Journeymen Pipefitters Local 392 v. NLRB,* 712 F.2d 225 (6th Cir. 1983) (citations omitted).

The Collective Bargaining Agreement (CBA) states that Eliza Bryant Village recognizes SEIU/District 1199 WV/KY/OH, the Health Care and Social Service Union (the Union) as the "sole and exclusive bargaining representative of all of the following employees... Licenced Practical Nurses [LPN]." (Doc. 4 at 3) The Union and Eliza Bryant Village entered into the CBA which sets forth a grievance procedure concerning "any complaint or dispute between [Eliza Bryant Village] and the Union, or between [Eliza Bryant Village] and any employee, concerning the effect, interpretation, or application of this Agreement..." (*Id.* at 7)

Plaintiff asserts that she was never a member of the Union and had no knowledge of any union rights and, thus, is not subject to the CBA. But, according to the law set forth above, bargaining unit membership, and not union membership, must determine LMRA preemption. The CBA demonstrates that plaintiff, as an LPN, was a member of the bargaining unit even though she chose not to be a member of the Union. *See also Anderson v. Chesire,* 1988 WL 8979 (N.D.Ill. 1988) (citations omitted) (Plaintiff's claim of retaliatory discharge was preempted by the LMRA and properly dismissed for failure to exhaust the grievance procedure outlined in the CBA although plaintiff claimed that she was not required to exhaust because she was not a member of the union, having let her membership expire. The court recognized that a CBA "is applicable to all employees doing work covered by the contract,"

4

and a CBA "makes the union the agent of all the employees in the collective bargaining unit, whether or not they are union members.") Further, the CBA language, set forth above, regarding the grievance procedure shows that plaintiff had access to the grievance procedure provided by the CBA.

For these reasons, LMRA preemption is applicable and the action was properly removed. On this basis, remand is not required.

Plaintiff further asserts that even if she were a union member and the LMRA applies, her three claims are not substantially dependent upon analysis of the terms of the CBA. Rather, they arise solely out of Ohio law. For the following reasons, this Court disagrees.

Plaintiff maintains that as to Count One, her whistleblower claim arises from rights codified in the Ohio Revised Code, and the CBA creates no whistleblower rights. With regard to Count Two, she asserts that her claim arises exclusively out of the public policy found in Ohio law against retaliating and terminating employees based on whistleblower complaints and that the CBA provides no such rights. Finally, plaintiff contends that Count Three arises out of Ohio's common law establishing a claim for intentional infliction of emotional distress.

In *Klepsky v. United Parcel Service*, 489 F.3d 264 (6th Cir. 2007), the Sixth Circuit recognized that while plaintiff's claims for violation of Ohio's Whistleblower Protection Act and Ohio public policy did not require interpretation of the CBA on their own, the relief plaintiff sought, namely reinstatement, would require interpretation of the terms of the CBA and, therefore, preemption existed:

> Although the causes of action that [plaintiff] pursues do not support preemption on their own, the relief he seeks is a different question, and does support preemption here.

5

> In addition to seeking compensatory damages, punitive damages, attorneys' fees, and costs and expenses, [plaintiff's] complaint requests "reinstatement." We find that this single request is enough to support preemption here, as it would require interpretation of the terms of the CBA, and implicates a right created under the CBA. After all, Ohio follows the traditional common law doctrine of employment-at-will ...  and the equitable doctrine that specific performance is generally unavailable to enforce employment agreements. Even if he does not explicitly rely on terms of the CBA pertaining to reinstatement, his request for reinstatement would, at a minimum, seem to implicate such rights and require interpretation of the CBA. For this reason, we find that preemption exists under the LMRA, and that removal based on federal jurisdiction was proper here.

*Id.* at 270 (citations omitted).

Likewise, plaintiff herein seeks "an order requiring Elilza Bryant Village to restore [plaintiff] to one of the positions to which she was entitled..."  (Doc. 1 at 12)  As the Sixth Circuit has found that reinstatement requires an interpretation of the CBA, removal was proper. Plaintiff counters that defendants fail to point to any provision in the CBA that would require interpretation regarding the prayer for reinstatement. As recognized in *Klepsky*, however, Ohio is an employment at-will state and specific performance is generally unavailable to enforce employment agreements.  Thus, reinstatement would necessarily implicate rights in the CBA.

Defendants point to *Slone v. Martin Marietta,* 1997 WL 139794 (6th Cir. March 26, 1997), wherein the Sixth Circuit concluded that an intentional infliction of emotional distress claim is preempted by federal labor law when it is based solely on the employee's discharge. Defendants assert that plaintiff's claim "appears to be related solely to the fact that she was discharged."  (Doc. 8 at 6) Plaintiff responds that her Complaint "reveals several intentional acts that could possibly form the basis of [her] IIED claim including the fact that she was written up by Defendants for reporting improper activity, suspended for reporting improper

6

activity, forced to undergo a drug test after she reported improper activity, and finally, was terminated for reporting improper activity."  (Doc. 10 at 3)

The Sixth Circuit recognized in *Gilreath v. Clemens & Co.*, 212 Fed.Appx. 451 (6th Cir. 2007), that it has not held that § 301 unequivocally preempts claims of intentional infliction of emotional distress but instead considers whether the claim is independent of the CBA governing the employment. There, where the plaintiff failed to allege conduct on his employer's or union's behalf independent of their relationships as employee-employer and member-union and, rather, relied on conduct falling under the authority of the CBA, the claim was found to be preempted.  Here, plaintiff asserts in her brief that the claim is not based only on her discharge but on the fact that she was "written up," suspended, and forced to undergo drug testing.  However, the CBA states that Eliza Bryant Village has the "right to discharge, suspend, or otherwise discipline any employee for just cause." (Doc. 4 at 12) Therefore, the conduct would seem to fall under the CBA.

For all the foregoing reasons, defendants properly removed the Complaint to this Court and remand is not warranted.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 9/10/13