**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vonnie Gilson,** | ) | **CASE NO. 1:13 CV 1504** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Eliza Bryant Village, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Judgment on the Pleadings on Count Two of Plaintiff's Complaint (Doc. 5).  The issue before this Court is whether plaintiff was an at-will employee, thereby precluding her wrongful discharge claim. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Vonnie Gilson filed her Complaint against defendants Eliza Bryant Village, Carole Wright, Rhonda Roberts, and Toie Greer in the Cuyahoga County Court of Common Pleas.  Defendants removed the case to this Court asserting that the Labor Management Relations Act (LMRA) preempts plaintiff's state law claims.

1

The Complaint alleges the following in pertinent part.  Plaintiff was employed by Eliza Bryant Village from 2007 until her termination in January 2013.   During her employment, she worked as an LPN Change Nurse. Beginning in 2012, plaintiff began reporting illegal or unsafe activities occurring in the workplace to her supervisors and outside agencies. As a result, defendants retaliated against her and ultimately terminated her.

Plaintiff alleges three claims.  Count One asserts a violation of the Ohio Whistleblower Protection Act.  Count Two asserts wrongful termination in violation of Ohio public policy.  Count Three asserts intentional infliction of emotional distress. Plaintiff seeks injunctive relief, reinstatement, and monetary damages.

This matter is before the Court upon defendant's Motion for Judgment on the Pleadings on Count Two.

**<u>Standard of Review</u>**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)):

> The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. The factual allegations must raise a right to relief above the speculative level. In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face.
>
> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Bare allegations without a factual context do not create a plausible claim. A complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. The bare assertion of legal conclusions is not enough to constitute a claim for relief.

 (*Id.*) (internal citations and quotations omitted).

2

**Discussion**

Defendants contend that plaintiff's wrongful termination claim fails as a matter of law because plaintiff's employment was governed by a collective bargaining agreement (CBA) and, therefore, she was not an employee at-will.  Plaintiff maintains that she never became a member of the Union and, thus, she maintained her employment at-will status.

As previously explained:

> In general, employment in Ohio is governed by the common law doctrine of employment at-will... Ohio law ... recognize[s] a cause of action for wrongful discharge in violation of public policy as an exception to the at-will employment doctrine... [But] only an at-will employee can assert a cause of action for wrongful discharge in violation of public policy...
>
> An employee who is subject to a collective bargaining agreement that limits the employer's power to terminate union members is not an employee-at-will and therefore falls outside the class of [protected] employees...

*Dobrski v. Ford Motor Co.*, 698 F.Supp.2d 966 (N.D.Ohio 2010) (internal citations and quotations omitted).

In its prior Memorandum of Opinion and Order, this Court determined that the CBA demonstrated that plaintiff, as an LPN, was a member of the bargaining unit even though she chose not to be a member of the Union.  On this ground, removal was proper because collective bargaining unit membership, and not labor union membership, is determinative:

> "An exclusive representative must fairly represent all employees in the [bargaining] unit, regardless of whether they choose to become union members."  *United States Department of Defense v. Federal Labor Relations Authority,* 114 S.Ct. 1006 (1994). The Sixth Circuit has recognized, "As the exclusive labor representative of employees in a bargaining unit, a union has a statutorily-imposed duty to fairly represent all of the employees, union members or not, in the collective bargaining process and in the administration of the resulting labor contract."  *Journeymen Pipefitters Local 392 v. NLRB,* 712 F.2d 225 (6th Cir. 1983) (citations omitted).
>
> The Collective Bargaining Agreement (CBA) states that Eliza Bryant Village

3

recognizes SEIU/District 1199 WV/KY/OH, the Health Care and Social Service Union (the Union) as the "sole and exclusive bargaining representative of all of the following employees... Licenced Practical Nurses [LPN]."  (Doc. 4 at 3) The Union and Eliza Bryant Village entered into the CBA which sets forth a grievance procedure concerning "any complaint or dispute between [Eliza Bryant Village] and the Union, or between [Eliza Bryant Village] and any employee, concerning the effect, interpretation, or application of this Agreement..."  (*Id.* at 7)

Because plaintiff was subject to the CBA, she is not an employee-at-will. The CBA states that Eliza Bryant Village has the right to discharge, suspend, or otherwise discipline an employee for just cause. (Doc. 1 Ex. 3 at 12) Because defendant may only terminate employees for cause, the employees are not employees at-will.  Therefore, plaintiff cannot bring a wrongful discharge claim in violation of public policy, a claim which is only available to employees at-will.

For these reasons, Count Two must be dismissed.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings on Count Two of Plaintiff's Complaint is granted.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/4/13

4